IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN LEE VILLA, #1628684,    § | | |
| Petitioner,    § | | |
| § | | |
| v.    § | | 3:12-CV-3647-P-BK |
| § | | |
| WILLIAM STEPHENS, Director,    § | | |
| TDCJ-CID,    § | | |
| Respondent.    § | | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the petition be denied.

## I.  BACKGROUND

Petitioner was convicted of murder and sentenced to 55 years' imprisonment. *Villa v. State*, No. F-09-01175-L (Criminal District Court No. 5, Dallas County, 2010), *aff'd*, No. 05-10-00241-CR, 2011 WL 1459789 (Tex. App. - Dallas, 2011 pet. ref'd). The Texas Court of Criminal Appeals denied his state habeas application. *See Ex parte Villa*, No. WR-78, 093-01 at Action Taken Sheet (Tex. Crim. App. Aug. 8, 2012) (denying without written order on trial court's findings without a hearing).[1]

In this timely federal petition, Petitioner claims ineffective assistance of counsel at trial and on appeal, and denial of the right to a public trial and to a fair hearing on his state habeas corpus application. (Doc. 3 at 6-7, 12). Respondent argues the petition lacks merit and Petitioner has filed a reply. (Doc. 9, 11).

---

[1] **"SHCR"** refers to the State Habeas Clerk's Record in case number WR-78,093-01. "RR" followed by the volume number refers to the Reporter's Record.

## II. ANALYSIS

A.     **Procedurally-Barred Claim (Claim 2)**

Petitioner asserts he was denied the right to a public trial because his family members were excluded from the courtroom during voir dire. (Doc. 3 at 7). Respondent argues Petitioner procedurally defaulted this claim when defense counsel failed to make a contemporaneous objection at trial as found by the state habeas court. (Doc. 9 at 22, citing SHCR at 41).

The Court of Appeals for the Fifth Circuit has repeatedly recognized a procedural default premised upon a federal habeas corpus petitioner's failure to comply with the Texas contemporaneous objection rule. *See, e.g., Scheanette v. Quarterman*, 482 F.3d 815, 823 (5th Cir. 2007) (Texas contemporaneous objection is "an adequate and independent state procedural barrier to federal habeas review"). Under that rule, "a petitioner is deemed to have waived any error by failing to raise an objection." *Haley v. Cockrell*, 306 F.3d 257, 262 n. 8 (5th Cir. 2002), *vacated on other grounds*, 541 U.S. 386 (2004). Here, counsel's failure to object when Petitioner's family was not permitted to enter the courtroom during *voir dire* constitutes a procedural default that bars this Court from considering his claim. Moreover, Petitioner has not demonstrated cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claim. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991), modified by *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309 (2012). Therefore, Petitioner's claim that he was denied the right to a public trial should be dismissed with prejudice as procedurally barred.

B.     **Remaining Claims lack merit**

Habeas corpus relief is precluded unless the state court's adjudication on the merits --

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

>Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).  That burden is "difficult to meet," however, as the decisions of the state court are reviewed under a "highly deferential standard" and afforded "the benefit of the doubt."  *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 786, 788 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted).

### Ineffective Assistance of Trial Counsel

The Court reviews Petitioner's ineffective assistance of counsel claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'"  *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1403 (2011) (quoted cases omitted).  In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable."  *Harrington*, 131 S. Ct. at 785.

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687.  The Court need not address both components if the petitioner makes an insufficient showing on one.  *Id.* at 697.  To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness."  *Id.* at 689.  In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy.  *Id.* at 689.  Under *Strickland*'s

prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

<u>Failure to Have the Jurors' Names Read In the Record</u> (Claim 1)

Petitioner contends trial counsel rendered ineffective assistance by failing to have the jurors' names read into the record. (Doc. 3 at 6). He states that "[t]rial counsel must ensure a complete record of the jurors (sic) names…so [the] appellate counsel … [can] find errors." *Id.*

Relying on defense counsel's affidavit, the state habeas judge (who was also the trial judge) rejected Petitioner's contention, finding:

> Applicant was provided with a list of the venire prior to voir dire commencing. Defense counsel, the prosecutors and the Court then struck by agreement potential jurors for cause. Then, defense counsel and Applicant discussed the remaining veniremembers and made the strikes. The strikes were submitted to the Court and the venire was returned to the courtroom. The Court announced the name and the number of the jurors selected to serve who were seated in the jury box.
>
> . . .
>
> Counsel does not recall a veniremember being placed on the jury that should have been struck for cause.
>
> Appellate counsel cannot make the record reflect information not recorded by the court reporter, such as the jurors [sic] names, if such was the case in this case. Furthermore, Applicant has failed to show how the alleged failure to include the jurors [sic] names caused him to be unaware of who was on his jury. According to trial counsel's Affidavit, Applicant had a list of the potential jurors and fully participated in the voir dire process.

SHCR at 40.

Petitioner cannot establish that counsel's performance was deficient and that it prejudiced him. As the state habeas court found, the court read the names of the jurors into the record, but the court reporter (for unknown reasons) failed to transcribe them. Since neither the court nor the parties could have been aware that the names were not being recorded, counsel cannot be

expected to have objected on this ground. Nevertheless, Petitioner has failed to show that he was prejudiced by the jurors' names not being recorded, regardless of whether it was a circumstance over which his trial counsel had control.

Petitioner has failed to demonstrate that the state habeas court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, specifically the standard espoused in *Strickland v. Washington*. Accordingly, his first claim fails.

<u>Failure to File a Proper Motion for New Trial</u> (Claim 3)

Petitioner claims that counsel was ineffective for failing file a proper motion for a new trial. (Doc. 3 at 7). He argues that "[c]ounsel knew that a simple general motion for new trial would not be granted," and that "[a]ffidavits [we]re needed to obtain a proper hearing for new trial." *Id.*

Petitioner again fails to establish that counsel's performance was deficient and that it prejudiced him. In rejecting this claim, the state habeas court found that Petitioner "ha[d] failed to indicate what issues should have been raised in the Motion for New Trial," and "to show that those issues would have been successful on direct appeal." SHCR at 40. While Petitioner now argues that counsel should have secured affidavits from family members to support the motion for new trial, he again fails to point to any specific argument that counsel could have raised. Moreover, as the state court found, Petitioner's family was removed only during voir dire due to the limited availability of space in the courtroom in light of the size of the venire, and was permitted to attend the rest of the trial. SHCR at 41.

Petitioner has failed to demonstrate that the state habeas court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States, specifically the standard espoused in *Strickland v. Washington*. Accordingly, this claim fails.

### Ineffective Assistance of Appellate Counsel (Claim 4)

Next, Petitioner asserts that his appellate counsel rendered ineffective assistance because he failed to ensure the appellate record included the jurors' names. (Doc. 3 at 7). The state habeas court, however, rejected this claim, concluding:

> Appellate counsel cannot make the record reflect information not recorded by the court reporter, such as the jurors['] names, if such was the case in this case. Furthermore, Applicant has failed to show how the alleged failure to include the jurors' names caused him to be unaware of who was on his jury. According to trial counsel's affidavit, Applicant had a list of the potential jurors and fully participated in the voir dire process.

SHCR at 40.

Petitioner cannot show that counsel's performance was deficient and that it prejudiced him. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (applying *Strickland v. Washington* standard in evaluating the ineffective assistance of appellate counsel). Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* (citing *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). Here, it is unclear what, if any, counsel could have done to supplement the record on appeal with the juror's names. In any event, Petitioner has wholly failed to show how he was prejudiced. He does not argue, much less establish, that having the names of the jurors in the record would have supported a meritorious claim.

Petitioner cannot demonstrate that the state court's decision rejecting this claim of ineffective assistance of counsel was contrary to or an unreasonable application of clearly established federal law. Therefore, this claim fails.

**Inadequate State Habeas Corpus Proceedings**

The federal petition appears to challenge the adequacy of the state habeas proceedings. (Doc. 3 at 6, 12). Petitioner states that he was "never given . . . affidavit from the respondents regarding trial counsel responding to … [his] writ." *Id.* at 6. He also claims that he "was not given a proper hearing at . . . [the] state level to determine" any of his grounds. *Id.* Infirmities in collateral proceedings, however, are not grounds for federal habeas corpus relief. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (collecting cases).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

SIGNED September 20, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE